EDWIN R. WAKEFIELD, PROSECUTOR, v. THE MAYOR AND COMMON COUNCIL OF THE BOROUGH OF CALDWELL, RESPONDENT.

Argued December 12, 1930—Decided December 29, 1930.

Before Justices Parker, Campbell and Bodine.

For the prosecutor, Bennett & Hanschka.

For the respondent, Merritt Lane.

Per Curiam.

The application as framed was to bring up for review an ordinance of the borough providing for the purchase of certain land for public purposes at an ascertained price, and also a resolution in connection therewith to borrow from one or more of the local banks certain funds to be used in carrying out the purchase. It appears that the transaction with the banks has been completed; that the money has been loaned, and that the banks hold the obligations of the borough.

At the argument it was conceded, in effect, if not in terms, that the ordinance itself was unassailable, or at least it was not assailed; the brunt of the attack was on the resolution and counsel intimated that the intent was not so much to invalidate the particular transaction with the banks and deprive them of the right of recovering back the money loaned as to be a warning for the future to the parties directly or indirectly concerned. The ground of the attack is that at common law, and also by reason of one or more statutes of this state, and because of the fact that certain members of the borough council, or borough officials, were interested as stockholders, officers or directors in the local banks, it was an illegal act for the borough to borrow money even for an entirely legitimate purpose from a bank, or banks, in which borough officials were interested in any way. We are not aware that such a transaction falls under the ban of the common law, and so far as the statute is concerned, section 32 of the Crimes act, which appears to be the statute relied upon by prosecutor, does not, as we read it, relate to or cover any pure borrowing transaction, but rather the making of contracts for building or the furnishing of labor or supplies to the municipality. The practice of municipalities borrowing money from their local banking institutions is convenient, general and practically universal, and it would create hardship if the municipal body was to be driven to outside financial institutions merely because the owners or managers of such institutions, or both, happened to be connected at the same time with the municipal government.

The application for a writ of *certiorari* is denied.